IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| LARA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 04-249-KI |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CPI CORPORATION, dba SEARS | ) | |
| PORTRAIT STUDIO, | ) | |
| | ) | |
| Defendant. | ) | |

Beth Creighton
Tom Steenson
Steenson, Schumann, Tewksbury, Creighton
& Rose, P. C.
500 Yamhill Plaza Building
815 S. W. Second Avenue
Portland, Oregon 97204

    Attorneys for Plaintiff

Eric J. Neiman
Sharon C. Peters
Williams, Kastner & Gibbs PLLC
888 S. W. Fifth Avenue, Suite 600
Portland, Oregon 97204-2025

    Attorneys for Defendant

KING, Judge:

Plaintiff Lara Davis prevailed on a claim under Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e. A judgment was entered in her favor in the amount of $75,000. Before me is plaintiff's Motion for Award of Attorney Fees and Litigation Expenses/Costs (#87) in the amount of $49,457.37. Defendant does not object to the amount requested by plaintiff. As set forth below, I grant plaintiff's motion.

## LEGAL STANDARD

Reasonable attorney fees are determined by first calculating the "lodestar." Jordon v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). The party seeking an award of fees must submit evidence to support the number of hours worked and the rates claimed. Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are excessive, redundant, or otherwise unnecessary." Id. (internal quotation omitted).

While there is a strong presumption that the lodestar figure represents a reasonable fee, the district court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. Jordon, 815 F.2d at 1262; Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

## DISCUSSION

After reviewing the material submitted in support of plaintiff's motion, I find that plaintiff's counsels' hourly rates are reasonable given the attorneys' experience and the prevailing rates in this community. The attorney rates are: Beth Creighton, $195 per hour; Tom Steenson, $300 per hour; Zan Tewksbury, $225 per hour; and Michael Schumann, $250 per hour. I also accept plaintiff's counsels' representation that 234.3 hours were expended on this matter, and I find the total to be reasonable.

Finally, I grant plaintiff's motion to the extent it pertains to out-of-pocket expenses, in the amount of $1,648.87. Plaintiff "may recover as part of the award of attorney's fees those out-of-pocket expenses that 'would normally be charged to a fee paying client.'" Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994). This amount reasonably reflects the amount plaintiff expended on costs.

///

///

///

## CONCLUSION

Based on the foregoing, I grant plaintiff's Motion for an Award of Attorney Fees and Litigation Expenses/Costs (#87) in the amount of $49,457.37.

IT IS SO ORDERED.

Dated this  13th  day of July, 2005.


                                                /s/ Garr M. King  
                                                Garr M. King  
                                                United States District Judge